PD-0521-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/8/2015 2:33:29 PM
Accepted 6/8/2015 5:07:18 PM
ABEL ACOSTA
CLERK

## No. PD-0521-15

---

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AT AUSTIN

---

EX PARTE TONY YUAN LI

---

**PETITION FOR DISCRETIONARY REVIEW**

---

On Appeal from the Fifth Court of Appeals of Texas at Dallas
Case No. 05-14-01291-CR

Cause No. 005-80387-2013 on Appeal from
County Court at Law No. 5, Collin County, Texas
Honorable Dan Wilson, Judge Presiding

---

William Chu
Texas State Bar No. 04241000
Law Offices of William Chu
4455 LBJ Freeway, Suite 909
Dallas, Texas 75244
Telephone: (972) 392-9888
Facsimile: (972) 392-9889
wmchulaw@aol.com

FILED IN
COURT OF CRIMINAL APPEALS

June 8, 2015

ABEL ACOSTA, CLERK

ATTORNEY FOR PETITIONER

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Appellant certifies that the following is a complete list of parties, attorneys, and any other person who has any interest in the outcome of this lawsuit:

**JUDGE:**                         Honorable Dan Wilson

**PARTIES:**
**PETITIONER:**                    **COUNSEL:**
TONY YUAN LI                       William Chu
("Petitioner")                     Law Offices of William Chu
                                   4455 LBJ Freeway, Suite 909
                                   Dallas, Texas 75244
                                   Telephone: (972) 392-9888
                                   Facsimile: (972) 392-9889
                                   wmchulaw@aol.com


**RESPONDENT:**                    **COUNSEL:**
THE STATE OF TEXAS                 Lisa McMinn
("Respondent")                     State Prosecuting Attorney
                                   P.O. Box 13046
                                   Austin, Texas 78711
                                   Telephone: (512) 463-1660
                                   Facsimile: (512) 463-5724
                                   E-mail Address:
                                   information@spa.texas.gov

                                   Trial & Appellate Counsel:
                                   Andrea L. Westerfeld,
                                   Collin County Assistant
                                   District Attorney
                                   2100 Bloomdale Road
                                   Suite 200
                                   McKinney, Texas 75071
                                   Telephone: (972) 548-4323
                                   Facsimile: (214) 491-4860
                                   E-mail Address:
                                   awesterfeld@co.collin.tx.us

# TABLE OF CONTENTS

**IDENTITY OF JUDGE, PARTIES, AND COUNSEL**.........................................I

**TABLE OF CONTENTS** ......................................................................... II

**INDEX OF AUTHORITIES** .....................................................................III

**STATEMENT REGARDING ORAL ARGUMENT**........................................ 1

**STATEMENT OF THE CASE** ................................................................. 2

**STATEMENT OF PROCEDURAL HISTORY**.............................................. 3

**GROUNDS FOR REVIEW** ..................................................................... 4

**ARGUMENT** ...................................................................................... 5

    I.   GROUND FOR REVIEW NO. 1 – THE FIFTH COURT OF APPEALS ERRONEOUSLY HELD THAT PETITIONER DID NOT DEMONSTRATE THAT HIS TRIAL COUNSEL'S PERFORMANCE WAS DEFICIENT BECAUSE THE FIFTH COURT OF APPEALS INCORRECTLY RELIED UPON FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT WERE NEVER ENTERED OR OTHERWISE ADOPTED BY THE TRIAL COURT. .................. 5

    II.  GROUND FOR REVIEW NO. 2: THE FIFTH COURT OF APPEALS, IN CONSIDERING WHETHER THE TRIAL COURT ABUSED ITS DISCRETION, UTILIZED THE INCORRECT, OR AT LEAST INCOMPLETE, TEST FOR INEFFECTIVE ASSISTANCE OF COUNSEL. ............. 7

**PRAYER** .......................................................................................... 9

**CERTIFICATE OF SERVICE** ................................................................ 11

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS** .. 11

**APPENDIX** ....................................................................................... 12

# INDEX OF AUTHORITIES

UNITED STATES SUPREME COURT CASES

*Cuyler v. Sullivan*, 446 U.S. 335 (1980)...................................................... 8
*Hill v. Lockhart*, 474 U.S. 52 (1985)......................................................... 9
*Strickland v. Washington*, 446 U.S. 668 (1984) ........................................ 7

TEXAS COURT OF CRIMINAL APPEALS CASES

*Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986) (en banc).................. 7
*Johnson v. State*, 169 S.W.3d 223 (Tex. Crim. App. 2005)..................................... 8

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS:**

NOW COMES Petitioner TONY YUAN LI, Appellant in the above cause, by and through his attorney of record William Chu, and pursuant to the applicable provisions of Texas Rules of Appellate Procedure, and moves this Court to grant discretionary review, and in support will show as follows:

**STATEMENT REGARDING ORAL ARGUMENT**

Petitioner believes that, due to the nature of the circumstances of this case, oral argument would help clarify and focus on the issues presented in his petition for discretionary review. Therefore, Petitioner respectfully requests oral argument.

## STATEMENT OF THE CASE

The State of Texas, Respondent, charged Petitioner Tony Yuan Li with a Class "A" misdemeanor of Assault Causing Bodily Injury with Family Violence in Collin County, Texas, Cause Number 005-80387-2013, in Collin County Court at Law No. 5, The Honorable Dan Wilson, Judge Presiding. On September 5, 2013, Petitioner entered a guilty plea and no trial was held. That same day, the County Court placed Petitioner on community supervision for a period of eighteen (18) months. A March 27, 2014, entry on the County Court's online Register of Actions indicates that the County Court amended Petitioner's sentence, stating that his confinement commenced on that date. Petitioner was not notified of this amendment, nor is he aware of the reasons for it or the manner in which it was amended.

**STATEMENT OF PROCEDURAL HISTORY**

On August 6, 2014, Petitioner filed a Petition for Writ of Habeas Corpus, in which he argued that he received ineffective assistance from his trial counsel such that his September 5th guilty plea and sentence should be vacated and a new trial should be held. A hearing on Petitioner's Habeas Corpus was held on August 28, 2014, at the County Court entered an order denying the habeas corpus relief on September 11, 2014.

On October 6, 2014, Petitioner timely filed a Notice of Appeal of the County Court's decision to the Fifth Court of Appeals at Dallas. After briefing by both parties, the Fifth Court of Appeals issued a Memorandum Opinion on December 22, 2014, affirming the County Court's order. Petitioner sought rehearing and en banc reconsideration by filing timely motions for each on January 31, 2015. The Fifth Court of Appeals denied Petitioner's Motion for Hearing on February 25, 2015. The Fifth Court of Appeals denied Petitioner's Motion for Reconsideration En Banc on April 7, 2015.

**GROUNDS FOR REVIEW**

I. The Fifth Court of Appeals erroneously held that Petitioner did not demonstrate that his trial counsel's performance was deficient because the Fifth Court of Appeals incorrectly relied upon findings of fact and conclusions of law that were never entered or otherwise adopted by the trial court.

II. The Fifth Court of Appeals failed to employ the proper legal test for determining whether ineffective assistance of counsel has been proven in making its determination that the trial court did not abuse its discretion.

## ARGUMENT

**I.    Ground for Review No. 1 – The Fifth Court of Appeals erroneously held that Petitioner did not demonstrate that his trial counsel's performance was deficient because the Fifth Court of Appeals incorrectly relied upon findings of fact and conclusions of law that were never entered or otherwise adopted by the trial court.**

In its Memorandum Opinion, the Fifth Court of Appeals states, "On October 8, 2014, the trial court issued written findings of fact and conclusions of law finding [Petitioner's trial counsel Paul] Key to be 'forthright and credible,' counsel testimony was 'consistent with the record and the Court's own experience and knowledge,' and that 'applicant's account conflicts with the other evidence before this Court and is not credible.'" *See* App'x Ex. A at 4, ¶ 1. This statement summarizes the Fifth Court of Appeals' basis for affirming the trial court's decision. However, it is wholly incorrect.

At the conclusion of the Habeas Corpus hearing, the trial court instructed Respondent to draft and submit a proposed order in accordance with his oral ruling. *See* App'x Ex. F 86:20–24. Specifically, the trial court's oral ruling was merely, ". . . I regret that I'm going to have to rule in favor of the State and deny [Petitioner's] writ." App'x Ex. F 86:16–18. Thereafter, Respondent filed a Proposed order and Findings of Fact and Conclusions of Law on September 2, 2014. Since the trial court had not made any findings of fact or conclusions of law, the proposed order was improper and Petitioner swiftly filed an objection on September 17, 2014. Additionally, Petitioner submitted his own proposed order,

5

which was signed by the trial court. Both parties requested that the trial court hold a hearing during which findings of fact and conclusions of law could be determined. However, no hearing was ever scheduled and no findings or conclusions were ever entered.

A review of the Fifth Court of Appeals' statement quoted above raises one question regarding the reference to an October 8th entry of findings and conclusions. First, since findings and conclusions were never entered, this does not appear on the trial court's docket whatsoever. *See* App'x Ex. B, Attach. Ex. A. Even more puzzling is the fact that there is no entry for October 8, 2014, on the trial court's docket identifying that any action was taken at all. *See* App'x Ex. B., Attach. Ex. A. Further, Petitioner's Notice of Appeal to the Fifth Court of Appeals was filed on October 6, 2014, after which time the trial court would not have taken any action. It is unclear where the Fifth Court of Appeals obtained their information in making this statement, specifically the reference to an action occurring on October 8, 2014, but the confusion does bring one thing into focus: the Fifth Court of Appeals' decision was not supported by the record.

The quoted statement above quotes three phrases from the supposed findings and conclusions of the trial court, on which the Fifth Court of Appeals purportedly relies. *See* App'x Ex. A at 4, ¶ 1. Each of these phrases comes directly from the findings of fact and conclusions of law improperly submitted to the trial court by

6

Respondent following the hearing. As previously stated, the trial court did not sign any portion of Respondent's proposed order and instead signed the order submitted by Petitioner, which contains no findings or conclusions whatsoever because none were made as part of the trial court's oral ruling. Thus, the Fifth Court of Appeals erroneously relied upon statements made by Respondent when it offered an improper proposed order, which the trial court declined to sign. These findings and conclusions cannot be relied on because they have never been part of the trial court's ruling, making the Fifth Court of Appeals' basis for affirming the trial court's decision unsupported.

II. **Ground for Review No. 2: The Fifth Court of Appeals, in considering whether the trial court abused its discretion, utilized the incorrect, or at least incomplete, test for ineffective assistance of counsel.**

In its Memorandum Opinion, the Fifth Court of Appeals outlined the requirements from proving ineffective assistance of counsel on which it relied in determining whether an abuse of discretion was present. However, the legal test identified is incorrect, or at least incomplete, and therefore inadequate in making an abuse-of-discretion determination.

The Fifth Court of Appeals stated that, to prevail, Petitioner must satisfy the test set forth by the United States Supreme Court in *Strickland v. Washington*. *See* 446 U.S. 668, 691 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (en banc). Though not a wholly incorrect statement, it is

inaccurate that this is the only test utilized in Texas courts where ineffective assistance of counsel is at issue. In fact, as thoroughly outlined in Petitioner's Brief on Appeal to the Fifth Court of Appeals, this Court has identified two particular instances that mandate the use of a standard other than that outlined in *Strickland*: where a conflict of interest is present, and where a structural defect results. *Johnson v. State*, 169 S.W.3d 223, 230 (Tex. Crim. App. 2005). In the present case, both of these situations is present.

The Fifth Court of Appeals correctly identifies that, where a conflict of interest is present, the test set forth in *Cuyler v. Sullivan* controls. *See* 446 U.S. 335, 348 (1980). *See* App'x Ex. A at 5, ¶ 1. However, the Fifth Court of Appeals proceeds to discuss the fact that conflicting evidence was presenting at the Habeas Corpus hearing, and "[t]he trial court . . . resolved the conflict against [Petitioner]." *See* App'x Ex. A at 5, ¶ 3. As discussed in Ground for Review No. 1, this determination is unsupported by the record. However, in relying upon this premise, the Fifth Court of Appeals would have only considered the *Strickland* standard in making its abuse of discretion analysis, not the *Cuyler* standard. Doing so is improper, because there is no support in the record for finding that the trial court decided there was no conflict of interest.

Even if the Fifth Court of Appeals had evaluated the trial court's decision in light of *Cuyler*, it failed to make any mention of the test involved where a

structural defect is present. This test, outlined by the United States Supreme Court in *Hill v. Lockhart,* is applicable and was advanced in Petitioner's Brief on Appeal. *See* 474 U.S. 52, 56 (1985). The Fifth Court of Appeals should have considered this standard but failed to do so entirely. Therefore, the Fifth Court of Appeals erred in affirming the trial court's decision because it did not evaluate all applicable standards for proving ineffective assistance of counsel. Finding that the trial court did not abuse its discretion was improper because the Fifth Court of Appeals omitted the two most relevant and applicable standards entirely, or at least for the most part, in reaching its decision.

**PRAYER**

Petitioner prays this Honorable Court to grant his petition for discretionary review and, after hearing oral arguments and conducting a full review, enter an order setting aside the Fifth Court of Appeal's decision and vacate Petitioner's conviction as requested in his Application for Post-Conviction Habeas Corpus. Further, Petitioner asks this Court to order Collin County Court at Law No. 5 to hold a new trial on the charges brought against him. Finally, Petitioner prays that this Court grant him any and all such other relief to which he may be entitled.

Dated: June 8, 2015.

Respectfully submitted,

By: /s/William Chu
William Chu
Texas State Bar No. 04241000
4455 LBJ Freeway, Suite 909
Dallas, Texas 75244
Telephone: (972) 392-9888
Facsimile: (972) 392-9889
wmchulaw@aol.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon counsel of record for Appellee in accordance with the Texas Rules of Appellate Procedure on June 8, 2015, via e-service addressed as follows:

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711
Telephone: (512) 463-1660
Facsimile: (512) 463-5724
E-mail Address: information@spa.texas.gov

Trial and Appellate Counsel:
Andrea L. Westerfeld
Collin County Assistant District Attorney
2100 Bloomdale Road, Suite 200
McKinney, Texas 75071
Telephone: (972) 548-4323
Facsimile: (214) 491-4860
E-mail Address: awesterfeld@co.collin.tx.us

/s/William Chu
William Chu

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i)(3) because this brief contains 2,048 words. This brief has been prepared using Microsoft Word.

/s/William Chu
William Chu

# APPENDIX

**APPENDIX EXHIBIT A – MEMORANDUM OPINION**

Fifth Court of Appeals of Texas at Dallas
December 22, 2014

**Affirmed and Opinion Filed December 22, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01291-CR

## EX PARTE TONY YUAN LI

On Appeal from the County Court at Law No. 5
Collin County, Texas
Trial Court Cause No. 005-80397-2013

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Tony Yuan Li appeals the trial court's order denying him the relief sought by his article 11.072 application for writ of habeas corpus. In a single issue, appellant contends he received ineffective assistance of counsel at trial. We affirm the trial court's order.

On September 5, 2013, appellant pleaded guilty to misdemeanor assault involving family violence. Following a plea agreement, the trial court sentenced appellant to confinement in jail for 180 days, probated for eighteen months, and a $400 fine. The trial court certified that appellant did not have the right to appeal at that time. On August 6, 2014, appellant filed an article 11.072 application for writ of habeas corpus asserting he received ineffective assistance of counsel due to counsel's conflict of interest. Appellant alleged counsel met with the complainant, appellant's wife, at the same time he met with appellant; counsel encouraged the

complainant to make herself unavailable to receive legal summons; and counsel urged the complainant to visit family in China. On August 28, 2014, the trial court held an evidentiary hearing on the application for writ of habeas corpus.

During the hearing, Paul Key testified he represented appellant in the underlying criminal proceeding. Key had been practicing law since 1996, including serving three years as a prosecutor in the Collin County District Attorney's Office. Key handled at least a hundred assault/family violence cases in his private practice. Key routinely meets with a client, goes over the details of their case, reviews discovery, interviews the complainant, and advises the client on a course of action. Key believed an effective attorney should talk to the complaining witness.

Key's initial contact with appellant was by telephone and he was hired after appellant bonded out of jail. Key recalled talking with the complainant on one occasion when she came with appellant to Key's office. Key said he never gave the complainant legal advice or told her not to testify at trial, and never discussed appellant's side of the story in front of her. When the complainant came to Key's office with appellant, she stated she did not want to attend the trial and planned to move back to China. Key "most likely" told her that if she testified, appellant would be found guilty, and if she did not testify, the State might have a hard time proving their case. Key told her if she went to China, it would be unlikely the State would subpoena her. As a matter of practice, Key always tells witnesses that if they are subpoenaed, they must go to the trial and must tell the truth, and, if they are not subpoenaed, they do not have to go to the trial. Key testified he told the complainant that even if she did not testify, the State might still be able to win based upon some admissions appellant made to the police. Key denied encouraging the complainant to leave the country or doing or saying anything to cause her to be unavailable at

-2-

trial. He never advised the complainant not to take telephone calls from the district attorney's office but told her she did not have to talk to anyone if she did not want to talk to them.

About one month after being hired, appellant told Key he had had a "diabetic episode" and did not remember the assault. As part of investigating the case, Key received discovery from the prosecutor's office which included a police report, photographs of the complainant's injuries, written statements, and an audio recording between appellant and a police officer. Appellant never mentioned having a diabetic episode at the time of the assault. After reviewing these materials, Key met with appellant and discussed them.

Because of earlier comments made by the complainant, Key believed she did not intend to be at the trial but learned from the prosecutor that she would be testifying at trial, and that the State had a recorded message from appellant to the complainant. Key began plea negotiations with the prosecutor. Key advised appellant to accept a plea offer rather than spend more money going to trial and possibly getting a worse result. Appellant considered the plea offer and stated he wanted to talk to his father before agreeing to it. Key said his trial strategy was "always pretty simple and clear," and he believed if the complainant testified at trial, and photographs of her bruise and appellant's statements to police were admitted, appellant would not win this case.

Appellant testified he told Key about his medical condition during their first meeting, stating he had Type I diabetes and did not recall what happened on the date of the offense. Key met with the complainant on two occasions. According to appellant, Key advised the complainant that if the district attorney's office called her, "just let it go to voicemail" and wait until the end of the day to return the call and leave a voicemail "so the D.A. will think she's cooperating with him." Key told her to avoid a subpoena or she would have to show up at trial. As to how to avoid a subpoena, Key said she should travel to China. Appellant said Key's

-3-

original strategy was to have the complainant avoid being subpoenaed and not show up for trial and she was present when Key relayed that strategy to him. During cross-examination, appellant testified he chose to plead guilty only because Key told him that if they went to trial ten times, they would only win once. Appellant further testified Key gave him his opinion of the case and based on Key's opinion, appellant made the choice to sign the plea bargain papers.

At the conclusion of the hearing, the trial court denied the relief sought by the application for writ of habeas corpus. On October 8, 2014, the trial court issued written findings of fact and conclusions of law finding Key to be "forthright and credible," counsel testimony was "consistent with the record and the Court's own experience and knowledge," and that "applicant's account conflicts with the other evidence before this Court and is not credible."

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id.* In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id.* We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id.*

To prevail on an ineffective assistance of counsel claim, an appellant must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Texas

Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The appellant must show both that counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *See id.* In the context of a guilty plea, to demonstrate prejudice, the appellant must show that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

With claims of ineffective assistance of counsel due to a conflict of interest, a defendant must show that trial counsel had an actual conflict of interest and the conflict actually colored counsel's actions during trial. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Acosta v. State*, 233 S.W.3d 349, 356 (Tex. Crim. App. 2007). "An actual conflict exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client." *Acosta*, 233 S.W.3d at 355 (citing *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997)).

Appellant says Key's conflict was between protecting himself from potential liability or protecting appellant's interests. Key engaged in witness tampering, evidenced by Key's having (1) discussed the best course of action to take in appellant's case with the complainant present at those meetings on two occasions, (2) suggested the complainant hide from the State, and (3) encouraged the complainant to return to China to visit family for the duration of the investigation and trial. The State responds Key was not ineffective under *Cuyler* because there was no conflict of interest.

Conflicting evidence was presented to the trial court on the issue of what Key told the complainant. The trial court, as finder of fact, resolved the conflict against appellant. We

conclude the trial court did not abuse its discretion in finding appellant did not show Key had an actual conflict. *See id.*

Appellant also contends Key rendered ineffective assistance because Key failed to investigate appellant's medical history, did not obtain sworn statements from witnesses, and insisted appellant enter a guilty plea. But for Key's errors, appellant would not have pleaded guilty. The State responds counsel was not ineffective, investigated the case and provided accurate advice to appellant. Key investigated appellant's case and advised him to accept the plea offer in light of the evidence against him. When Key advised appellant about the plea offer, appellant stated he wanted to talk with his father before accepting it. Key said appellant did not mention the diabetic episode to the police.

Having reviewed the record under the appropriate standard, we conclude appellant has not shown that counsel's performance was deficient. *See Ex Parte Imoudu*, 284 S.W.3d at 869; *Jimenez v. State*, 240 S.W.3d 384, 416 (Tex. App.–Austin 2007, pet. ref'd). Therefore, we conclude the trial court did not abuse its discretion in denying the relief sought by the application for writ of habeas corpus. *See Ex parte Peterson*, 117 S.W.3d at 819. We overrule appellant's issues.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

Do Not Publish
TEX. R. APP. P. 47
141291F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

-6-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE TONY YUAN LI

No. 05-14-01291-CR

Appeal from the County Court at Law
No. 5 of Collin County, Texas (Tr.Ct.No.
005-80397-2013).
Opinion delivered by Justice Francis,
Justices Evans and Stoddart participating.


Based on the Court's opinion of this date, the trial court's order denying the relief sought by the application for writ of habeas corpus is **AFFIRMED**.


Judgment entered December 22, 2014.

# APPENDIX EXHIBIT B – MOTION FOR REHEARING

Petitioner/Appellant Tony Yuan Li
January 31, 2015

ACCEPTED
05-14-01291-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
1/31/2015 1:55:00 PM
LISA MATZ
CLERK

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
1/31/2015 1:55:00 PM
LISA MATZ
Clerk

TONY YUAN LI,

Appellant

v.

THE STATE OF TEXAS,

Appellee

**APPELLANT'S MOTION FOR REHEARING**

THE HONORABLE COURT OF APPEALS:

Tony Yuan Li, Appellant, moves this Court for an order granting a rehearing of its decision entered on December 22, 2014, in the above-styed appeal, and for an order reversing this Court's decision. As grounds for this Motion, Appellant shows the Court the following:

1. The Fifth Court of Appeals erred in holding that Appellant did not demonstrate that his prior counsel, Paul Key, was deficient in his performance as Appellant's attorney. Specifically, the Court's opinion listed various pieces of information purportedly related to the facts and record of the case being appealed that are inconsistent with the facts and record actually presented to this Court on appeal. Based on the language of the Court's Opinion, it is apparent that this Court relied on that information in

reaching, and in support of, is decision regarding Mr. Key's performance as Appellant's prior counsel. When the information this Court refers to in support of its decision is corrected or otherwise made consistent with the facts and record of the underlying case, this Court's decision does not logically flow from the information the Court relies on. Thus, this Court reached an erroneous decision based upon incorrect, flawed, or distorted aspects of the underlying matter.

2. The first indicator of misinformation appears on page 2 of this Court's Opinion. In the second full paragraph, the Court states that Mr. Key "never discussed appellant's side of the story in front of [the complaining witness]." Mem. Op. 2, ¶ 2, Dec. 22, 2012. This is a distortion of the testimony given by Mr. Key himself at the hearing on Appellant's Application for Habeas Corpus Relief. When asked the question, " Did you have your client then, Mr. Li, tell, in front of the complaining witness, his side of the story?", Mr. Key did not reply with an unequivocal denial. Tr. 6:11–14, Aug. 28, 2014. Rather, Mr. Key said that he did not recall having Appellant review the facts as he remembered them with Mr. Key while the complaining witness was present. Tr. 6:11–14. Mr. Key does state that he has engaged in such interaction with other clients and complaining witnesses in previous instances, and Mr. Key reiterates that he's "done that before but [he] do[esn't] recall what happened here." Tr. 6:17–21. During subsequent cross-examination, Mr. Key also points out that Appellant's "side is pretty limited because he claimed not to remember what happened as far as the actual incident that took place." Tr. 26:16–18. These statements together provide a reasonable ground for inferring that the complaining witness was present during Appellant's discussion of the facts with Mr. Key. Nonetheless, if such an inference is not made, it does not change the equivocating nature of

Mr. Key's testimony, which cannot lead to a determination that Mr. Key "**never** discussed" the facts of the case, as Appellant recalled them, in the presence of the complaining witness. *See* Mem. Op. at 2, ¶ 2 (emphasis added).

3. This Court's Opinion also points out that Mr. Key stated during his testimony that he informed Appellant and the complaining witness that, in his opinion, it was possible for the State to prevail in spite of the complaining witness's absence at trial based upon statements made by Appellant to the police after the alleged incident. Mem. Op. 2, ¶ 2. While Mr. Key did testify to that effect, he also testified that it was his belief that the State would most likely not succeed in such circumstances, and he thought that the complaining witness's absence at trial would be significantly beneficial to Appellant's case. *See* Tr. 9:15–19, 29:14–15, 32:19–21. In fact, Mr. Key was consistently emphatic that he believed the tables would tip greatly in Appellant's favor if the complaining witness was not available to testify at trial and that he expected to win under those circumstances. The statement made in this Court's opinion is inconsistent with the totality of Mr. Key's testimony because it fails to acknowledge that Mr. Key actually believed the State's success in those circumstances was, while possible, a long shot to say the least. Placing the testimony in the proper context demonstrates how it is significantly less supportive of this Court's decision than it seems based upon its wording in the Opinion.

4. In the Opinion, this Court states that Appellant informed Mr. Key that, on the night of the alleged incident, he had a "diabetic episode," though Appellant never mentioned this to police at the time of the alleged incident. Mem. Op. 3, ¶ 1. In making such a conclusory statement, this Court appears to be assuming, without deciding, that Mr. Key's testimony in this regard is

credible and, consequently, that Appellant's testimony regarding his medical condition on the evening in question was not credible. Again, Mr. Key did not offer testimony that could be so unquestionably relied upon. When first asked about his knowledge of Appellant's diabetic condition and its impact on him on the night in question, Mr. Key stated that Appellant told him he had diabetes "[m]uch later on," and did not bring it up at any of the initial meetings between the two of them. Tr. 7:13–15. Mr. Key went on to state that, in reality, he could not remember with any precision when Appellant told him about the diabetic condition, though he was certain that Appellant had told him at some point in time. *See* Tr. 8:3–9. During cross-examination, Mr. Key estimated that he was informed of Appellant's diabetic condition "probably a month later after" Appellant hired Mr. Key. Tr. 34:22-23. Key continued on in short, incomplete sentences through which he was apparently attempting to convey that Appellant failed to inform the police officer who initially took his statement of his diabetic condition and its potential impact on Appellant during the alleged incident. Tr. 35:11–17. However, this is merely Mr. Key's belief or opinion; Mr. Key at no point states that he has unequivocal knowledge that Appellant did not reveal his medical condition to the police. Tr. 35:11–17. Supposition should not be skewed to form a basis of support for a decision as important as that involved in this case. Mr. Key's generally dismissive reaction to the premise that Appellant's diabetes may have played some role, however slight, in his actions on the night of the alleged incident should indicate merely that Mr. Key failed to adequately consider the possibility that Appellant's condition may have significantly impacted the situation. As stated, this should not be seen as supportive of this Court's decision because Mr. Key could never, with any precision or consistency, identify when he became aware of

Appellant's diabetic condition, and Mr. Key simply offered his unsubstantiated opinion that Appellant never mentioned his condition to police at the time of the alleged incident despite having no real basis to support that belief. Importantly, Appellant testified that he informed Mr. Key of his diabetic condition, and its impact on the alleged incident, when the two first met. Tr. 51:18–52:7. Appellant was not uncertain of the timing of this discussion, nor did he vacillate in any manner about the fact that he immediately revealed his medical condition to Mr. Key due to its possible impact on his case. To take Mr. Key's wavering claims regarding this subject matter as true, consequently dismissing Appellant's certainty regarding the same, lacks support from the record.

5. Mr. Key ultimately advised Appellant to take a plea offer, as pointed out by this Court, which Appellant agreed to after some consideration and discussion of the option with Mr. Key and Appellant's father. Mem. Op. 3, ¶ 2. This Court's Opinion overlooks Mr. Key's sudden, unexplained shift in strategy and perspective of the case, however, in stating that Mr. Key's "strategy was 'always pretty simple and clear,' and he believed . . . appellant would not win this case" in the event certain evidence was admitted and testimony offered at trial. Mem. Op. 3, ¶ 2. This is not precisely consistent with the testimony given by Mr. Key and Appellant at the hearing and does not support this Court's decision regarding Mr. Key's effectiveness as Appellant's counsel. In reference to strategy and opinion of the case, Mr. Key was asked, "Now, you were gung ho to go to trial on this case, were you not?" Tr. 15:12–13. Mr. Key responded, "Yes and no. It all depends, **if they didn't have a witness, sure**." Tr. 15:14–15. In this statement, Mr. Key was clear that he felt it was a case worth trying if the complaining witness was not going to be present for trial, regardless of other evidence that may be

offered. Mr. Key later testified that, on the day Appellant entered his plea, the Prosecution and Mr. Key had a discussion in which the Prosecution made it abundantly clear that Mr. Key's beliefs regarding the complaining witness's plan to leave for China and be unavailable at trial were incorrect and that the complaining witness had instead been fully cooperating with the Prosecution throughout the entire process. Tr. 19:4–24. As Mr. Key simply stated, if the complaining witness would in fact be present for trial, "that's not good for [Appellant's] case." Tr. 19:23–24. It was then, evidently, that Mr. Key's strategy changed and he began to adamantly insist that Appellant accept the plea offer rather than proceeding to trial. In fact, Mr. Key testified that he took a portion of the trial fee from Appellant on the day the trial date was scheduled because they "believed at that point that we had the winning hand **because they would not be able to prove their case for lack of a witness**." Tr. 23:23–24:3. Mr. Key was consistent throughout his testimony that his opinion and trial strategy changed based upon one thing only: his awareness that the complaining witness would be available to testify at trial, contrary to his prior belief that she would be out of the country. While he does mention occasionally that the State had documentary evidence that would potentially be offered and admitted at trial, he never identified this as impacting his perspective regarding proceeding to trial and it never carried the same weight for his strategy as the presence of the complaining witness did.

6. The foregoing instances are discussed and identified for a particular purpose. This Court's Opinion contains two vital statements that transparently demonstrate the erroneous nature of the Court's decision, which are apparently derived from its view of the statements discussed herein.

7. The first of the two key statements can be found on page 4 of this Court's Opinion, which reads as follows: "On October 8, 2014, the trial court issued written findings of fact and conclusions of law finding Key to be 'forthright and credible,' counsel testimony was 'consistent with the record and the Court's own experience and knowledge,' and that 'applicant's account conflicts with the other evidence before this Court and is not credible.'" Mem. Op. 4, ¶ 1. This statement alone contains multiple incorrect assertions that form the basis for this Court's decision. As discussed herein, the Court's decision cannot flow from the corrected versions of these assertions and therefore is unsupported by the record. First, the statement says that the trial court entered its findings of fact and conclusions of law on October 8, 2014. There are two flaws in this portion alone: (1) the trial court never entered findings of fact and conclusions, despite the fact that both Appellant and the State requested that the trial court do so and each submitted their proposed findings and conclusions and asked that a hearing be set so that this matter could be handled; and (2) there is no entry on October 8, 2014, on the trial court's docket for any action whatsoever. For this Court's convenience, Appellant has attached a copy of the trial court docket hereto as Exhibit A, which has been marked to identify the relevant requests for findings and conclusions. Appellant is wholly unsure how such an error came about.

8. Importantly, the remainder of the statement is concerning because it most certainly forms the basis, at least in part, for this Court's decision, despite the erroneous nature of the statement as a whole. The Court's Opinion quotes three phrases purportedly from the trial court's findings of fact and conclusions of law: (1) Mr. Key was found to be "forthright and credible"; (2) Mr. Key's testimony was "consistent with the record and the Court's own experience and knowledge"; and (3) "applicant's account conflicts with

other evidence before this Court and is not credible." Mem. Op. 4, ¶ 1. These quoted phrases are important because, as this Court's Opinion correctly states, appellate courts reviewing such cases "afford almost total deference to the [trial] judge's determination of historical facts . . . supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor," and when applying law to fact, the same deference to the trial court's decision is given when "the resolution of the ultimate question turns on an evaluation of credibility and demeanor." Mem. Op. 4, ¶ 2. With this in mind, it is vital that such deference only be given when the trial court does, in fact, make findings of fact and conclusions of law related to credibility of witness testimony. Although this Court's Opinion cites the trial court's findings and conclusions as the source for the quoted phrases, the trial court never adopted those findings and conclusions. Instead, the quoted phrases are directly taken from the **proposed** findings of fact and conclusions of law that the State presented to the trial court, filed on September 2, 2014. The only entry the trial court made following the hearing on Appellant's Habeas Corpus Application was of the Order Denying the Application, attached hereto as Exhibit B. No findings of fact or conclusions of law were entered by the trial court at any point, and the proposed findings and conclusions of one party cannot be relied on in support of this Court's decision, as no deference can be given to findings related to credibility that were never adopted and entered by the trial court.

9. The final vital statement that must be addressed appears on page 5 of this Court's Opinion, which reads, "Conflicting evidence was presented to the trial court on the issue of what Key told the complainant. The trial court, as finder of fact, resolved the conflict against appellant." Mem. Op. 5, ¶ 3. This statement appears also to be derived from the proposed findings of fact and

conclusions of law submitted by the State to the trial court, which it never adopted as its own. In its very brief, oral statement of decision on the record, the trial court said, "I regret that I'm going to have to rule in the favor of the State and deny [Appellant's] writ." Tr. 86:16–18. Furthermore, the signed Order Denying the Application merely states that the trial court considered the totality of the testimony and evidence before it and "finds Applicant is not entitled to relief." *See* Ex. B. The trial court never affirmatively stated the basis for its decision, as it would have in findings of fact and conclusions of law. Instead, the trial court elected to remain brief and merely decided the case in favor of the State, without ever stating that "[c]onflicting evidence was presented," or that it "resolved the conflict against appellant." *See* Mem. Op. 5, ¶ 3.

10. Based upon the foregoing, it is clear that this Court's decision was erroneously reached and is not supported by the record. This Court bases its decision on misstated, misinterpreted, or misunderstood statements made during testimony at the hearing on Appellant's Application for Habeas Corpus Relief. Furthermore, this Court states that it defers to the trial court's judgment of the credibility of witness testimony, as contained in the trial court's findings of fact and conclusions of law, but incorrectly states that findings and conclusions were entered by the trial court on October 8, 2014, and quotes phrases from those findings and conclusions proposed to the trial court by the State, despite never having been adopted.

11. This Court improperly recognizes findings of fact and conclusions of law that have never been entered by the trial court, and then attempts to rely on these findings and conclusions in reaching its own decision. In addition to those consequences discussed herein, doing so results in an immense implication regarding what this Court expects when it comes to the attorney

ethics and professional responsibility, particularly in the family violence context. In upholding the trial court's decision, and relying upon a non-existent finding of credibility that favors Mr. Key, this Court joins in condoning Mr. Key's actions in handling this and, according to his own testimony, most or all of his cases. Mr. Key shamelessly admitted to interviewing complaining witnesses against his clients as part of his pre-trial preparation. In the context of family violence cases, this results in Mr. Key placing accused abusers and alleged victims in the same room, then requiring those supposed victims to relay their story to Mr. Key in the presence of the person who is charged with committing the violence, with no one present who supports or represents the complainant. To say this does not create an environment of intimidation for these witnesses is ludicrous, and to permit this conduct by an attorney and former prosecutor shows support for his irresponsible, unethical, and professionally questionable actions. This Court must take great care in reviewing this case on appeal due to the far-reaching impacts its decision will have as a directive for what is acceptable behavior of attorneys when interacting with complaining witnesses, especially in cases where family violence is alleged. Reviewing this Court's decision in its entirety reveals that the foundation on which this Court bases its judgment is flawed in many places. This shaky, cracking foundation cannot uphold this Court's Opinion, making a rehearing of the matter both appropriate and necessary.

For the foregoing reasons, Appellant respectfully requests that this Motion for Rehearing be granted and that the judgment of the trial court be reversed and rendered.

Respectfully submitted,

By: /s/William Chu

William Chu
Texas State Bar No. 04241000
Law Office of William Chu
4455 LBJ Freeway, Suite 909
Dallas, Texas 75244
Telephone: (972) 392-9888
Facsimile: (972) 392-9889
wmchulaw@aol.com
Attorney for Appellant

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon counsel of record for the Appellee in accordance with the Texas Rules of Appellate Procedure on January 31, 2014, via e-service, addressed as follows:

Andrea L. Westerfeld
Collin County Assistant Criminal
District Attorney
2100 Bloomdale Road, Suite 200
McKinney, Texas 75071
Telephone: (972) 548-4323
Facsimile: (214) 491-4860
E-mail Address: awesterfeld@co.collin.tx.us

/s/William Chu
William Chu

# REGISTER OF ACTIONS
## CASE NO. 005-80387-2013

| | | | |
|---|---|---|---|
| The State of Texas VS. Li, Tony Yuan | § § § § § § | Case Type: | **Adult Misdemeanor** |
| | | Date Filed: | **01/22/2013** |
| | | Location: | **County Court at Law 5** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Lead Attorneys** |
| **Defendant** | Li, Tony Yuan | **William Chu** |
| | | *Retained* |
| | | 972-392-9888(W) |
| | | |
| **State** | **The State of Texas** | **Greg Willis** |
| | | 972-548-4323(W) |

---

### CHARGE INFORMATION

| Charges: Li, Tony Yuan | Statute | Level | Date |
|---|---|---|---|
| 1.  ASSAULT CAUSES BODILY INJ | 22.01 (a)(1) | Class A Misdemeanor | 11/05/2012 |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

09/05/2013 **Plea** (Judicial Officer: Wilson, Dan K)
  1. ASSAULT CAUSES BODILY INJ
        Guilty

09/05/2013 **Disposition** (Judicial Officer: Wilson, Dan K)
  1. ASSAULT CAUSES BODILY INJ
        Convicted

09/05/2013 **Sentenced - Probation/Community Supervision** (Judicial Officer: Wilson, Dan K)
  1. ASSAULT CAUSES BODILY INJ
        Confinement to Commence 09/05/2013
         180 Days , CCSO, Collin County Detention Center - LC
        CSCD 18 Months with Community Service of 55 Hours

03/27/2014 **Amended Disposition** (Judicial Officer: Wilson, Dan K) Reason: Amendment
  1. ASSAULT CAUSES BODILY INJ
        Convicted

03/27/2014 **Amended Sentenced - Probation/Community Supervision** (Judicial Officer: Wilson, Dan K) Reason: Amendment
  1. ASSAULT CAUSES BODILY INJ
        Confinement to Commence 03/27/2014
         180 Days , CCSO, Collin County Detention Center - LC
        CSCD 18 Months with Community Service of 55 Hours


**OTHER EVENTS AND HEARINGS**

01/22/2013 **Case Filed By Information (OCA)**
01/25/2013 **Warrant Issued - $50.00**
02/25/2013 **Warrant Received Executed**
02/28/2013 **Bond Received - $10.00**
03/05/2013 **Notice to Appear Issued - $5.00**
03/06/2013 **Letter of Representation**
04/05/2013 *CANCELED*   **First Appearance**  (8:30 AM) (Judicial Officer Wilson, Dan K)
        *Passed*
05/03/2013 *CANCELED*   **Announcement**  (8:30 AM) (Judicial Officer Wilson, Dan K)
        *Continued*
06/14/2013 *CANCELED*   **Announcement**  (8:30 AM) (Judicial Officer Wilson, Dan K)
        *Passed*
07/19/2013 *CANCELED*   **Plea - Negotiation**  (8:30 AM) (Judicial Officer Wilson, Dan K)
        *Passed - Defendant Present with Attorney*
07/19/2013 **Notice to Appear - Jury Trial**
07/29/2013 **Application for Subpoena - State**
07/29/2013 **Subpoena - Criminal**
        Li, Ping                                 Served          08/05/2013
                                                 Returned        08/05/2013
09/05/2013 *CANCELED*   **Arraignment Hearing**  (10:00 AM) (Judicial Officer Wilson, Dan K)
        *Case Disposed*
09/05/2013 **Judge's Docket Entry**
        *Defendant appeared in person and by his attorney. Defendant waived a jury trial and arraignment. Defendant warned and admonished.
        Defendant pleads guilty and is found guilty on his plea and on the evidence beyond a reasonable doubt of the offense. Punishment is
        assessed at 180 days confinement in Collin County Jail, and a fine of $400. Imposition of sentence is suspended and Defendant is placed on
        probation for a period of 18 months under the terms and conditions ordered by the Court. _____ community service hours.*
09/05/2013 **Status - Time Payment Fee**
09/05/2013 **Plea Bargain Packet**

## EXHIBIT A
## Page 1 of 3

| 09/05/2013 | Docket Sheet |
| 09/05/2013 | Cash Bond Release |
| | *In process* |
| 09/05/2013 | Deputy Court Reporter Statement |
| 09/09/2013 | Bond Discharged |
| 09/11/2013 | *CANCELED* **Jury Trial** (9:00 AM) (Judicial Officer Wilson, Dan K) |
| | *Case Disposed* |
| 10/04/2013 | Defendant's Motion |
| | *to Vacate Conviction and Motion for New Trial* |
| 10/07/2013 | **Judge's Docket Entry** |
| | *Motion to vacate conviction and Motion For New Trial are Denied.* |
| 10/07/2013 | Motion Denied |
| 10/15/2013 | Notice |
| | *Motion to Vacate* |
| 10/29/2013 | Defendant's Motion |
| | *for Evidentiary Hearing on Motion to Vacate Conviction and Motion for New Trial* |
| 11/05/2013 | *CANCELED* **Motion Hearing** (1:30 PM) (Judicial Officer Wilson, Dan K) |
| | *Court* |
| | *on Motion to Vacate* |
| 11/07/2013 | *CANCELED* **Other** (8:30 AM) (Judicial Officer Wilson, Dan K) |
| | *Agreement Reached* |
| | *Probation Sanction Hearing 9:00 a.m.* |
| 11/15/2013 | *CANCELED* **Final Hearing** (1:30 PM) (Judicial Officer Wilson, Dan K) |
| | *Case Disposed* |
| 11/19/2013 | *CANCELED* **Motion for New Trial** (1:30 PM) (Judicial Officer Wilson, Dan K) |
| | *Motion Denied* |
| 11/19/2013 | Affidavit |
| | *of Tony Yuan Li* |
| 11/19/2013 | Affidavit |
| | *of Tony Yuan Li* |
| 11/19/2013 | **Judge's Docket Entry** |
| | *Motion for New Trial Denied.* |
| 11/25/2013 | Notice of Appeal Filed |
| 12/02/2013 | **Clerk Notes** |
| | *Sent notice to court of appeals and notice to Atty William Chu for fee amount* |
| 12/03/2013 | Certified Green Card Returned |
| 12/03/2013 | Certified Green Card Returned |
| 12/09/2013 | Certified Green Card Returned |
| 12/12/2013 | **Clerk Notes** |
| | *MAILED CLERKS RECORD TO COURT OF APPEALS* |
| 12/16/2013 | Certified Green Card Returned |
| 12/20/2013 | Certified Green Card Returned |
| 01/07/2014 | **Court Reporter's Record** |
| 03/27/2014 | Court of Appeals Letter |
| | *Mandate* |
| 03/27/2014 | Appeal Decision: Dismissed |
| 04/25/2014 | **Judge's Docket Entry** |
| | *Mandate received from Ct. of Appeals. Appeal dismissed. Judgment to issue as of 3/27/14.* |
| 08/06/2014 | Writ of Habeas Corpus |
| | *Original Petition for Post-Conviction* |
| 08/19/2014 | State's |
| | *General Denial & Request for Hearing to the Honorable Judge of Said Court* |
| 08/20/2014 | Order Granted |
| | *Writ of Habeas Corpus* |
| 08/28/2014 | **Motion Hearing** (1:30 PM) (Judicial Officer Wilson, Dan K) |
| | *on Relief Requested in Application for Writ* |
| | *08/26/2014 Reset by Court to 08/28/2014* |
| 08/28/2014 | **Judge's Docket Entry** |
| | *Evidentiary hearing held on Defendants Motion for Writ of habeas Corpus. Writ Denied. OTRFC* |
| 09/02/2014 | State's |
| | *Proposed Order and Findings of Fact and Conclusions of Law* |
| 09/10/2014 | **Clerk Notes** |
| | *Attorney correspondence regarding order on petition for writ habeas corpus* |
| 09/11/2014 | Order Denied |
| | *Writ of Habeas Corpus* |
| 09/17/2014 | **Defense Attorney Correspondence** |
| | *applicants objection to state's proposed order on petition for writ of habeas corpus* |
| 10/06/2014 | Notice of Appeal Filed |
| 10/09/2014 | 5th Court of Appeals - Confirmation Page |
| 10/09/2014 | **Mailed** |
| | *fee to attorney* |
| 10/10/2014 | Order |
| | *5th Court of appeals* |
| 10/13/2014 | Certified Green Card Returned |
| 10/20/2014 | Certified Green Card Returned |
| 10/23/2014 | 5th Court of Appeals - Confirmation Page |
| | *appeal sent* |
| 11/20/2014 | **Clerk's Record** |
| | *Checked out: Chrissy Hinojosa* |

Aug. 28, 2014:
Judge's docket entry consistent with his oral ruling

Sept. 2, 2014:
State's Proposed Findings of Fct and Conclusions of Law filed

Sept. 17, 2014:
Appellant's Objections to the State's Proposals and Appellant's own Proposed Findings of Fact and Conclusions of Law filed

**EXHIBIT A**
**Page 2 of 3**

| 12/02/2014 | **Court Clerks Record - Returned** |
|---|---|
| | *Chrissy Hinojosa* |
| 12/23/2014 | **5th Court of Appeals Opinion** |
| 12/23/2014 | **5th Court of Appeals Judgment** |

---

**FINANCIAL INFORMATION**

---

| | | |
|---|---|---:|
| | **Defendant** Li, Tony Yuan | |
| | Total Financial Assessment | 694.00 |
| | Total Payments and Credits | 694.00 |
| | **Balance Due as of 01/30/2015** | **0.00** |
| | | |
| 09/05/2013 | Transaction Assessment | 692.00 |
| 09/05/2013 | CR - Jail Time Served Credit | (50.00) |
| 09/05/2013 | Transaction Assessment | 2.00 |

**EXHIBIT A**
**Page 3 of 3**

CAUSE NO. W005-80387-2013

| EX PARTE | § | IN THE COUNTY COURT |
| | § | |
| | § | AT LAW NO. 5 OF |
| | § | |
| TONY YUAN LI | § | COLLIN COUNTY, TEXAS |

## ORDER

On August 28, 2014, came to be considered Applicant's application for writ of habeas corpus pursuant to Article 11.072 of the Code of Criminal Procedure. After considering the Application, the testimony presented, and the argument of counsel, this Court finds Applicant is not entitled to relief. Applicant's Application is hereby **DENIED**.

SIGNED this, the _11th_ day of _September_ 2014.

John L. McCraw, Jr.
SENIOR JUDGE
Sitting by Assignment
_____
**JUDGE PRESIDING**

**EXHIBIT B**
**Page 1 of 1**

**APPENDIX EXHIBIT C – ORDER ON MOTION FOR REHEARING**

Fifth Court of Appeals of Texas at Dallas
February 25, 2015



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01291-CR

## EX PARTE TONY YUAN LI, Appellant

**On Appeal from the County Court at Law No. 5
Collin County, Texas
Trial Court Cause No. 005-80387-2013**

# ORDER

The Court **DENIES** appellant's January 31, 2015 motion for rehearing.

/s/  MOLLY FRANCIS
   JUSTICE

# APPENDIX EXHIBIT D – MOTION FOR RECONSIDERATION EN BANC

Petitioner/Appellant Tony Yuan Li
January 31, 2015

ACCEPTED
05-14-01291-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
1/31/2015 1:55:00 PM
LISA MATZ
CLERK

5th Court of Appeals
FILED: 01-31-15
Lisa Matz, Clerk

No. 05-14-01291-CR

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS

TONY YUAN LI,

Appellant

v.

THE STATE OF TEXAS,

Appellee

**APPELLANT'S MOTION FOR RECONSIDERATION EN BANC**

THE HONORABLE COURT OF APPEALS:

Under Rule 49.6 of the Texas Rules of Appellate Procedure, Tony Yuan Li, Appellant in the above appeal, moves this Court for an order granting reconsideration en banc of its decision in this appeal, and in support shows the following:

1. The Fifth Court of Appeals erred in holding that Appellant did not demonstrate that his prior counsel, Paul Key, was deficient in his performance as Appellant's attorney. This Court identified multiple facts, purportedly derived from the record before the Court, to support its decision. These alleged facts are, however, inconsistent with the record before the Court and therefore do not support this Court's decision. Viewing this information properly, when the statements are corrected and made consistent

with the record, it becomes clear that these statements do not support this Court's decision, nor does the decision logically flow from the portions of the record the Court appears to rely on. Since this Court reached an erroneous decision based upon incorrect, flawed, or distorted aspects of the underlying matter, reconsideration en banc is appropriate to thoroughly rectify the situation and reach the appropriate conclusion.

2. The factual assertions erroneously included in this Court's opinion, and relied on to support this Court's decision, are discussed at length in Appellant's Motion for Rehearing. In lieu of reiterating identical information in this Motion, Appellant has attached a copy of his Motion for Rehearing hereto as Exhibit 1 for the Court's reference. These arguments are important and relevant, and will provide good insight for this Court in ruling on the foregoing Motion, but Appellant does not believe it is necessary to reproduce those arguments in this Motion as he has already presented them in a thorough Motion for Rehearing and does not want to bombard the Court with duplicitous information.

3. As also set forth in Appellant's Motion for Rehearing, there are four important aspects of this Court's Opinion that glaringly reveal the error in this Court's decision. First, this Court states that, "On October 8, 2014, the trial court issued written findings of fact and conclusions of law . . . ." Mem. Op. 4, ¶ 1, Dec. 22, 2014. The trial court's docket, contained herein as Exhibit 1-A, reveals that no action was taken nor was any entry made on October 8, 2014. It is not altogether clear where this date comes from, as the trial court's final entry on the docket was on September 11, 2014, when it filed its signed Order Denying the Application for Habeas Corpus.

4. The second aspect that merits attention is the last half of the statement quoted in the preceding paragraph, "the trial court issued written findings of

fact and conclusions of law." Mem. Op. 4, ¶ 1. The trial court has never issued or adopted any findings of fact or conclusions of law. Both parties to the underlying case requested that the trial court do so, and each submitted their proposed findings and conclusions, but the trial court never made any entry of its own findings of fact and conclusions of law prior to the appeal of this matter. This second unsubstantiated statement causes confusion in determining what this Court is basing such an assertion on, but it is nevertheless unsupported.

5. Third, the above-quoted statement goes on to quote supposed statements taken from the trial court's findings of fact and conclusions of law, where Mr. Key was found to be "forthright and credible," that his testimony was "consistent with the record and the Court's own experience and knowledge," and that Appellant's testimony "conflicts with the other evidence before this Court and is not credible." Mem. Op. 4, ¶ 1. Despite the impossibility of these statements properly forming the basis for this Court's Opinion, since the trial court did not at any point enter findings and conclusions, the source for these particular statements is easily identified. The quoted portions are actually taken directly from the State's **proposed** findings of fact and conclusions of law, which it submitted to the trial court on September 2, 2014. Again, these were never adopted or otherwise entered by the trial court, so this Court cannot rely on them to support its decision, nor can it say it is deferring to the trial court's credibility determination as set forth in the quoted phrases. Since the trial court never adopted these, or any other, proposed findings and conclusions, this Court cannot simply defer to the trial court's credibility determination to support its decision on appeal.

6. Finally, this Court states that, "Conflicting evidence was presented to the trial court on the issue of what Key told the complainant. The trial court, as

finder of fact, resolved the conflict against appellant." Mem. Op. 5, ¶ 3. This is not supported by the record at all. In addition to the fact that the trial court did not render any fact findings, it also kept both its orally announced decision and its written order very brief. When announcing its decision on the record, the trial court simply stated that it had "to rule in favor of the State and deny [Appellant's] writ." Tr. 86:16–18, Aug. 28, 2014. Additionally, in its Order Denying the Application, the trial court only said it found that "Applicant is not entitled to relief." *See* Ex. 1-B. Neither of these statements give an impression that the trial court determined that Mr. Key was the more credible witness, despite the fact that his testimony was in direct conflict with Appellant's.

7. These considerations, in addition to those clearly outlined in Appellant's Motion for Rehearing, make it obvious that this Court reach its decision in error. The decision is founded on misstated, misinterpreted, or misunderstood statements made during testimony at the hearing on Appellant's Application for Habeas Corpus Relief. The Court also attempts to defer to the credibility determinations of the trial court, as found in its findings of fact and conclusions of law. However, no such findings or conclusions were ever entered by the trial court, and thus this Court cannot merely defer to the trial court's findings related to credibility.

8. This Court's decision is based upon flawed and misinterpreted aspects of the record and testimony presented to the Court for review. In light of these obvious errors, this Court's decision is certainly not supported by the record on appeal. As discussed in Appellant's Motion for Rehearing, the impacts of this Court's decision in this case run much deeper than they might appear to at first glance. This matter involves an allegation of family violence, a very serious crime that must be handled properly within the justice system to

deter as many potential offenders as possible. In achieving this deterrence, attorneys play a major role: when hired to represent an individual charged with having committed family violence, the attorney is tasked with striking the correct balance between defending his client and protecting the complaining witness from suffering any further trauma as a result of the attorney's interactions with her. In the instant case, Mr. Key took a complainant in a family violence case into his office, where only he and his client—the alleged offender against this complainant—were present. Mr. Key then required the complaining witness to review her version of events surrounding the alleged act of family violence, as well as to engage in discussions related to testifying against Appellant and being subpoenaed, and the importance of her testimony to the State's success in the matter. This unquestionably would place a victim of family violence in a frightened, intimidated state, and her likely reaction would be to respond in whatever manner she believed would protect her from any further violence at the hand of her alleged abuser. Regardless of whether Appellant would have been found guilty by a jury in the underlying case, surely this Court does not support an attorney engaging in conduct like Mr. Key did where a complainant in a family violence case is put into such a precious and threatening environment. The decision in this matter is not so basic as a credibility determination or finding in favor of Appellant—this Court's decision will act as guidance for attorneys interacting with complaining witnesses against their clients accused of committing family violence, and there is likely no more important context in which reaching a correct decision is so imperative. Therefore, Appellant requests that this Court reconsider en banc his appeal, conducting a review of the record without

inaccurate or incomplete information impeding the Court in reaching a correct decision.

For the foregoing reasons, Appellant respectfully requests that a majority of this Court en banc grant this Motion for Reconsideration and that the case be resubmitted to the Court for en banc review and disposition

Respectfully submitted,

By: /s/William Chu
William Chu
Texas State Bar No. 04241000
Law Office of William Chu
4455 LBJ Freeway, Suite 909
Dallas, Texas 75244
Telephone: (972) 392-9888
Facsimile: (972) 392-9889
wmchulaw@aol.com
Attorney for Appellant

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon counsel of record for the Appellee in accordance with the Texas Rules of Appellate Procedure on January 31, 2014, via e-service, addressed as follows:

Andrea L. Westerfeld
Collin County Assistant Criminal
District Attorney
2100 Bloomdale Road, Suite 200
McKinney, Texas 75071
Telephone: (972) 548-4323
Facsimile: (214) 491-4860
E-mail Address: awesterfeld@co.collin.tx.us

/s/William Chu
William Chu

# EXHIBIT 1

_____

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS

_____

TONY YUAN LI,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

**APPELLANT'S MOTION FOR REHEARING**

THE HONORABLE COURT OF APPEALS:

Tony Yuan Li, Appellant, moves this Court for an order granting a rehearing of its decision entered on December 22, 2014, in the above-styed appeal, and for an order reversing this Court's decision. As grounds for this Motion, Appellant shows the Court the following:

1. The Fifth Court of Appeals erred in holding that Appellant did not demonstrate that his prior counsel, Paul Key, was deficient in his performance as Appellant's attorney. Specifically, the Court's opinion listed various pieces of information purportedly related to the facts and record of the case being appealed that are inconsistent with the facts and record actually presented to this Court on appeal. Based on the language of the Court's Opinion, it is apparent that this Court relied on that information in

reaching, and in support of, is decision regarding Mr. Key's performance as Appellant's prior counsel. When the information this Court refers to in support of its decision is corrected or otherwise made consistent with the facts and record of the underlying case, this Court's decision does not logically flow from the information the Court relies on. Thus, this Court reached an erroneous decision based upon incorrect, flawed, or distorted aspects of the underlying matter.

2. The first indicator of misinformation appears on page 2 of this Court's Opinion. In the second full paragraph, the Court states that Mr. Key "never discussed appellant's side of the story in front of [the complaining witness]." Mem. Op. 2, ¶ 2, Dec. 22, 2012. This is a distortion of the testimony given by Mr. Key himself at the hearing on Appellant's Application for Habeas Corpus Relief. When asked the question, " Did you have your client then, Mr. Li, tell, in front of the complaining witness, his side of the story?", Mr. Key did not reply with an unequivocal denial. Tr. 6:11–14, Aug. 28, 2014. Rather, Mr. Key said that he did not recall having Appellant review the facts as he remembered them with Mr. Key while the complaining witness was present. Tr. 6:11–14. Mr. Key does state that he has engaged in such interaction with other clients and complaining witnesses in previous instances, and Mr. Key reiterates that he's "done that before but [he] do[esn't] recall what happened here." Tr. 6:17–21. During subsequent cross-examination, Mr. Key also points out that Appellant's "side is pretty limited because he claimed not to remember what happened as far as the actual incident that took place." Tr. 26:16–18. These statements together provide a reasonable ground for inferring that the complaining witness was present during Appellant's discussion of the facts with Mr. Key. Nonetheless, if such an inference is not made, it does not change the equivocating nature of

Mr. Key's testimony, which cannot lead to a determination that Mr. Key "**never** discussed" the facts of the case, as Appellant recalled them, in the presence of the complaining witness. *See* Mem. Op. at 2, ¶ 2 (emphasis added).

3. This Court's Opinion also points out that Mr. Key stated during his testimony that he informed Appellant and the complaining witness that, in his opinion, it was possible for the State to prevail in spite of the complaining witness's absence at trial based upon statements made by Appellant to the police after the alleged incident. Mem. Op. 2, ¶ 2. While Mr. Key did testify to that effect, he also testified that it was his belief that the State would most likely not succeed in such circumstances, and he thought that the complaining witness's absence at trial would be significantly beneficial to Appellant's case. *See* Tr. 9:15–19, 29:14–15, 32:19–21. In fact, Mr. Key was consistently emphatic that he believed the tables would tip greatly in Appellant's favor if the complaining witness was not available to testify at trial and that he expected to win under those circumstances. The statement made in this Court's opinion is inconsistent with the totality of Mr. Key's testimony because it fails to acknowledge that Mr. Key actually believed the State's success in those circumstances was, while possible, a long shot to say the least. Placing the testimony in the proper context demonstrates how it is significantly less supportive of this Court's decision than it seems based upon its wording in the Opinion.

4. In the Opinion, this Court states that Appellant informed Mr. Key that, on the night of the alleged incident, he had a "diabetic episode," though Appellant never mentioned this to police at the time of the alleged incident. Mem. Op. 3, ¶ 1. In making such a conclusory statement, this Court appears to be assuming, without deciding, that Mr. Key's testimony in this regard is

credible and, consequently, that Appellant's testimony regarding his medical condition on the evening in question was not credible. Again, Mr. Key did not offer testimony that could be so unquestionably relied upon. When first asked about his knowledge of Appellant's diabetic condition and its impact on him on the night in question, Mr. Key stated that Appellant told him he had diabetes "[m]uch later on," and did not bring it up at any of the initial meetings between the two of them. Tr. 7:13–15. Mr. Key went on to state that, in reality, he could not remember with any precision when Appellant told him about the diabetic condition, though he was certain that Appellant had told him at some point in time. *See* Tr. 8:3–9. During cross-examination, Mr. Key estimated that he was informed of Appellant's diabetic condition "probably a month later after" Appellant hired Mr. Key. Tr. 34:22-23. Key continued on in short, incomplete sentences through which he was apparently attempting to convey that Appellant failed to inform the police officer who initially took his statement of his diabetic condition and its potential impact on Appellant during the alleged incident. Tr. 35:11–17. However, this is merely Mr. Key's belief or opinion; Mr. Key at no point states that he has unequivocal knowledge that Appellant did not reveal his medical condition to the police. Tr. 35:11–17. Supposition should not be skewed to form a basis of support for a decision as important as that involved in this case. Mr. Key's generally dismissive reaction to the premise that Appellant's diabetes may have played some role, however slight, in his actions on the night of the alleged incident should indicate merely that Mr. Key failed to adequately consider the possibility that Appellant's condition may have significantly impacted the situation. As stated, this should not be seen as supportive of this Court's decision because Mr. Key could never, with any precision or consistency, identify when he became aware of

Appellant's diabetic condition, and Mr. Key simply offered his unsubstantiated opinion that Appellant never mentioned his condition to police at the time of the alleged incident despite having no real basis to support that belief. Importantly, Appellant testified that he informed Mr. Key of his diabetic condition, and its impact on the alleged incident, when the two first met. Tr. 51:18–52:7. Appellant was not uncertain of the timing of this discussion, nor did he vacillate in any manner about the fact that he immediately revealed his medical condition to Mr. Key due to its possible impact on his case. To take Mr. Key's wavering claims regarding this subject matter as true, consequently dismissing Appellant's certainty regarding the same, lacks support from the record.

5. Mr. Key ultimately advised Appellant to take a plea offer, as pointed out by this Court, which Appellant agreed to after some consideration and discussion of the option with Mr. Key and Appellant's father. Mem. Op. 3, ¶ 2. This Court's Opinion overlooks Mr. Key's sudden, unexplained shift in strategy and perspective of the case, however, in stating that Mr. Key's "strategy was 'always pretty simple and clear,' and he believed . . . appellant would not win this case" in the event certain evidence was admitted and testimony offered at trial. Mem. Op. 3, ¶ 2. This is not precisely consistent with the testimony given by Mr. Key and Appellant at the hearing and does not support this Court's decision regarding Mr. Key's effectiveness as Appellant's counsel. In reference to strategy and opinion of the case, Mr. Key was asked, "Now, you were gung ho to go to trial on this case, were you not?" Tr. 15:12–13. Mr. Key responded, "Yes and no. It all depends, **if they didn't have a witness, sure**." Tr. 15:14–15. In this statement, Mr. Key was clear that he felt it was a case worth trying if the complaining witness was not going to be present for trial, regardless of other evidence that may be

offered. Mr. Key later testified that, on the day Appellant entered his plea, the Prosecution and Mr. Key had a discussion in which the Prosecution made it abundantly clear that Mr. Key's beliefs regarding the complaining witness's plan to leave for China and be unavailable at trial were incorrect and that the complaining witness had instead been fully cooperating with the Prosecution throughout the entire process. Tr. 19:4–24. As Mr. Key simply stated, if the complaining witness would in fact be present for trial, "that's not good for [Appellant's] case." Tr. 19:23–24. It was then, evidently, that Mr. Key's strategy changed and he began to adamantly insist that Appellant accept the plea offer rather than proceeding to trial. In fact, Mr. Key testified that he took a portion of the trial fee from Appellant on the day the trial date was scheduled because they "believed at that point that we had the winning hand **because they would not be able to prove their case for lack of a witness**." Tr. 23:23–24:3. Mr. Key was consistent throughout his testimony that his opinion and trial strategy changed based upon one thing only: his awareness that the complaining witness would be available to testify at trial, contrary to his prior belief that she would be out of the country. While he does mention occasionally that the State had documentary evidence that would potentially be offered and admitted at trial, he never identified this as impacting his perspective regarding proceeding to trial and it never carried the same weight for his strategy as the presence of the complaining witness did.

6. The foregoing instances are discussed and identified for a particular purpose. This Court's Opinion contains two vital statements that transparently demonstrate the erroneous nature of the Court's decision, which are apparently derived from its view of the statements discussed herein.

7. The first of the two key statements can be found on page 4 of this Court's Opinion, which reads as follows: "On October 8, 2014, the trial court issued written findings of fact and conclusions of law finding Key to be 'forthright and credible,' counsel testimony was 'consistent with the record and the Court's own experience and knowledge,' and that 'applicant's account conflicts with the other evidence before this Court and is not credible.'" Mem. Op. 4, ¶ 1. This statement alone contains multiple incorrect assertions that form the basis for this Court's decision. As discussed herein, the Court's decision cannot flow from the corrected versions of these assertions and therefore is unsupported by the record. First, the statement says that the trial court entered its findings of fact and conclusions of law on October 8, 2014. There are two flaws in this portion alone: (1) the trial court never entered findings of fact and conclusions, despite the fact that both Appellant and the State requested that the trial court do so and each submitted their proposed findings and conclusions and asked that a hearing be set so that this matter could be handled; and (2) there is no entry on October 8, 2014, on the trial court's docket for any action whatsoever. For this Court's convenience, Appellant has attached a copy of the trial court docket hereto as Exhibit A, which has been marked to identify the relevant requests for findings and conclusions. Appellant is wholly unsure how such an error came about.

8. Importantly, the remainder of the statement is concerning because it most certainly forms the basis, at least in part, for this Court's decision, despite the erroneous nature of the statement as a whole. The Court's Opinion quotes three phrases purportedly from the trial court's findings of fact and conclusions of law: (1) Mr. Key was found to be "forthright and credible"; (2) Mr. Key's testimony was "consistent with the record and the Court's own experience and knowledge"; and (3) "applicant's account conflicts with

other evidence before this Court and is not credible." Mem. Op. 4, ¶ 1. These quoted phrases are important because, as this Court's Opinion correctly states, appellate courts reviewing such cases "afford almost total deference to the [trial] judge's determination of historical facts . . . supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor," and when applying law to fact, the same deference to the trial court's decision is given when "the resolution of the ultimate question turns on an evaluation of credibility and demeanor." Mem. Op. 4, ¶ 2. With this in mind, it is vital that such deference only be given when the trial court does, in fact, make findings of fact and conclusions of law related to credibility of witness testimony. Although this Court's Opinion cites the trial court's findings and conclusions as the source for the quoted phrases, the trial court never adopted those findings and conclusions. Instead, the quoted phrases are directly taken from the **proposed** findings of fact and conclusions of law that the State presented to the trial court, filed on September 2, 2014. The only entry the trial court made following the hearing on Appellant's Habeas Corpus Application was of the Order Denying the Application, attached hereto as Exhibit B. No findings of fact or conclusions of law were entered by the trial court at any point, and the proposed findings and conclusions of one party cannot be relied on in support of this Court's decision, as no deference can be given to findings related to credibility that were never adopted and entered by the trial court.

9. The final vital statement that must be addressed appears on page 5 of this Court's Opinion, which reads, "Conflicting evidence was presented to the trial court on the issue of what Key told the complainant. The trial court, as finder of fact, resolved the conflict against appellant." Mem. Op. 5, ¶ 3. This statement appears also to be derived from the proposed findings of fact and

conclusions of law submitted by the State to the trial court, which it never adopted as its own. In its very brief, oral statement of decision on the record, the trial court said, "I regret that I'm going to have to rule in the favor of the State and deny [Appellant's] writ." Tr. 86:16–18. Furthermore, the signed Order Denying the Application merely states that the trial court considered the totality of the testimony and evidence before it and "finds Applicant is not entitled to relief." *See* Ex. B. The trial court never affirmatively stated the basis for its decision, as it would have in findings of fact and conclusions of law. Instead, the trial court elected to remain brief and merely decided the case in favor of the State, without ever stating that "[c]onflicting evidence was presented," or that it "resolved the conflict against appellant." *See* Mem. Op. 5, ¶ 3.

10. Based upon the foregoing, it is clear that this Court's decision was erroneously reached and is not supported by the record. This Court bases its decision on misstated, misinterpreted, or misunderstood statements made during testimony at the hearing on Appellant's Application for Habeas Corpus Relief. Furthermore, this Court states that it defers to the trial court's judgment of the credibility of witness testimony, as contained in the trial court's findings of fact and conclusions of law, but incorrectly states that findings and conclusions were entered by the trial court on October 8, 2014, and quotes phrases from those findings and conclusions proposed to the trial court by the State, despite never having been adopted.

11. This Court improperly recognizes findings of fact and conclusions of law that have never been entered by the trial court, and then attempts to rely on these findings and conclusions in reaching its own decision. In addition to those consequences discussed herein, doing so results in an immense implication regarding what this Court expects when it comes to the attorney

ethics and professional responsibility, particularly in the family violence context. In upholding the trial court's decision, and relying upon a non-existent finding of credibility that favors Mr. Key, this Court joins in condoning Mr. Key's actions in handling this and, according to his own testimony, most or all of his cases. Mr. Key shamelessly admitted to interviewing complaining witnesses against his clients as part of his pre-trial preparation. In the context of family violence cases, this results in Mr. Key placing accused abusers and alleged victims in the same room, then requiring those supposed victims to relay their story to Mr. Key in the presence of the person who is charged with committing the violence, with no one present who supports or represents the complainant. To say this does not create an environment of intimidation for these witnesses is ludicrous, and to permit this conduct by an attorney and former prosecutor shows support for his irresponsible, unethical, and professionally questionable actions. This Court must take great care in reviewing this case on appeal due to the far-reaching impacts its decision will have as a directive for what is acceptable behavior of attorneys when interacting with complaining witnesses, especially in cases where family violence is alleged. Reviewing this Court's decision in its entirety reveals that the foundation on which this Court bases its judgment is flawed in many places. This shaky, cracking foundation cannot uphold this Court's Opinion, making a rehearing of the matter both appropriate and necessary.

For the foregoing reasons, Appellant respectfully requests that this Motion for Rehearing be granted and that the judgment of the trial court be reversed and rendered.

Respectfully submitted,

By: /s/William Chu
William Chu
Texas State Bar No. 04241000
Law Office of William Chu
4455 LBJ Freeway, Suite 909
Dallas, Texas 75244
Telephone: (972) 392-9888
Facsimile: (972) 392-9889
wmchulaw@aol.com
Attorney for Appellant

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon counsel of record for the Appellee in accordance with the Texas Rules of Appellate Procedure on January 31, 2014, via e-service, addressed as follows:

Andrea L. Westerfeld
Collin County Assistant Criminal
District Attorney
2100 Bloomdale Road, Suite 200
McKinney, Texas 75071
Telephone: (972) 548-4323
Facsimile: (214) 491-4860
E-mail Address: awesterfeld@co.collin.tx.us

<u>/s/William Chu</u>
William Chu

# REGISTER OF ACTIONS
### CASE NO. 005-80387-2013

| | | | |
|---|---|---|---|
| The State of Texas VS. Li, Tony Yuan | § § § § § § | Case Type: | **Adult Misdemeanor** |
| | | Date Filed: | **01/22/2013** |
| | | Location: | **County Court at Law 5** |

---

### PARTY INFORMATION

| | | **Lead Attorneys** |
|---|---|---|
| **Defendant** | Li, Tony Yuan | **William Chu** |
| | | *Retained* |
| | | 972-392-9888(W) |
| | | |
| **State** | **The State of Texas** | **Greg Willis** |
| | | 972-548-4323(W) |

---

### CHARGE INFORMATION

| Charges: Li, Tony Yuan | Statute | Level | Date |
|---|---|---|---|
| 1. ASSAULT CAUSES BODILY INJ | 22.01 (a)(1) | Class A Misdemeanor | 11/05/2012 |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

09/05/2013 | **Plea** (Judicial Officer: Wilson, Dan K)
    1. ASSAULT CAUSES BODILY INJ
       Guilty

09/05/2013 | **Disposition** (Judicial Officer: Wilson, Dan K)
    1. ASSAULT CAUSES BODILY INJ
       Convicted

09/05/2013 | **Sentenced - Probation/Community Supervision** (Judicial Officer: Wilson, Dan K)
    1. ASSAULT CAUSES BODILY INJ
       Confinement to Commence 09/05/2013
        180 Days , CCSO, Collin County Detention Center - LC
       CSCD 18 Months with Community Service of 55 Hours

03/27/2014 | **Amended Disposition** (Judicial Officer: Wilson, Dan K) Reason: Amendment
    1. ASSAULT CAUSES BODILY INJ
       Convicted

03/27/2014 | **Amended Sentenced - Probation/Community Supervision** (Judicial Officer: Wilson, Dan K) Reason: Amendment
    1. ASSAULT CAUSES BODILY INJ
       Confinement to Commence 03/27/2014
        180 Days , CCSO, Collin County Detention Center - LC
       CSCD 18 Months with Community Service of 55 Hours

**OTHER EVENTS AND HEARINGS**

01/22/2013 | Case Filed By Information (OCA)
01/25/2013 | Warrant Issued - $50.00
02/25/2013 | Warrant Received Executed
02/28/2013 | Bond Received - $10.00
03/05/2013 | Notice to Appear Issued - $5.00
03/06/2013 | Letter of Representation
04/05/2013 | CANCELED **First Appearance** (8:30 AM) (Judicial Officer Wilson, Dan K)
    *Passed*
05/03/2013 | CANCELED **Announcement** (8:30 AM) (Judicial Officer Wilson, Dan K)
    *Continued*
06/14/2013 | CANCELED **Announcement** (8:30 AM) (Judicial Officer Wilson, Dan K)
    *Passed*
07/19/2013 | CANCELED **Plea - Negotiation** (8:30 AM) (Judicial Officer Wilson, Dan K)
    *Passed - Defendant Present with Attorney*
07/19/2013 | Notice to Appear - Jury Trial
07/29/2013 | Application for Subpoena - State
07/29/2013 | **Subpoena - Criminal**
    Li, Ping          Served      08/05/2013
                        Returned      08/05/2013
09/05/2013 | CANCELED **Arraignment Hearing** (10:00 AM) (Judicial Officer Wilson, Dan K)
    *Case Disposed*
09/05/2013 | **Judge's Docket Entry**
    *Defendant appeared in person and by his attorney. Defendant waived a jury trial and arraignment. Defendant warned and admonished. Defendant pleads guilty and is found guilty on his plea and on the evidence beyond a reasonable doubt of the offense. Punishment is assessed at 180 days confinement in Collin County Jail, and a fine of $400. Imposition of sentence is suspended and Defendant is placed on probation for a period of 18 months under the terms and conditions ordered by the Court. _____ community service hours.*
09/05/2013 | **Status - Time Payment Fee**
09/05/2013 | Plea Bargain Packet

## EXHIBIT A
## Page 1 of 3

| 09/05/2013 | Docket Sheet |
|---|---|
| 09/05/2013 | Cash Bond Release |
| | *In process* |
| 09/05/2013 | Deputy Court Reporter Statement |
| 09/09/2013 | Bond Discharged |
| 09/11/2013 | *CANCELED* Jury Trial (9:00 AM) (Judicial Officer Wilson, Dan K) |
| | *Case Disposed* |
| 10/04/2013 | Defendant's Motion |
| | *to Vacate Conviction and Motion for New Trial* |
| 10/07/2013 | Judge's Docket Entry |
| | *Motion to vacate conviction and Motion For New Trial are Denied.* |
| 10/07/2013 | Motion Denied |
| 10/15/2013 | Notice |
| | *Motion to Vacate* |
| 10/29/2013 | Defendant's Motion |
| | *for Evidentiary Hearing on Motion to Vacate Conviction and Motion for New Trial* |
| 11/05/2013 | *CANCELED* Motion Hearing (1:30 PM) (Judicial Officer Wilson, Dan K) |
| | *Court* |
| | *on Motion to Vacate* |
| 11/07/2013 | *CANCELED* Other (8:30 AM) (Judicial Officer Wilson, Dan K) |
| | *Agreement Reached* |
| | *Probation Sanction Hearing 9:00 a.m.* |
| 11/15/2013 | *CANCELED* Final Hearing (1:30 PM) (Judicial Officer Wilson, Dan K) |
| | *Case Disposed* |
| 11/19/2013 | *CANCELED* Motion for New Trial (1:30 PM) (Judicial Officer Wilson, Dan K) |
| | *Motion Denied* |
| 11/19/2013 | Affidavit |
| | *of Tony Yuan Li* |
| 11/19/2013 | Affidavit |
| | *of Tony Yuan Li* |
| 11/19/2013 | Judge's Docket Entry |
| | *Motion for New Trial Denied.* |
| 11/25/2013 | Notice of Appeal Filed |
| 12/02/2013 | Clerk Notes |
| | *Sent notice to court of appeals and notice to Atty William Chu for fee amount* |
| 12/03/2013 | Certified Green Card Returned |
| 12/03/2013 | Certified Green Card Returned |
| 12/09/2013 | Certified Green Card Returned |
| 12/12/2013 | Clerk Notes |
| | *MAILED CLERKS RECORD TO COURT OF APPEALS* |
| 12/16/2013 | Certified Green Card Returned |
| 12/20/2013 | Certified Green Card Returned |
| 01/07/2014 | Court Reporter's Record |
| 03/27/2014 | Court of Appeals Letter |
| | *Mandate* |
| 03/27/2014 | Appeal Decision: Dismissed |
| 04/25/2014 | Judge's Docket Entry |
| | *Mandate received from Ct. of Appeals. Appeal dismissed. Judgment to issue as of 3/27/14.* |
| 08/06/2014 | Writ of Habeas Corpus |
| | *Original Petition for Post-Conviction* |
| 08/19/2014 | State's |
| | *General Denial & Request for Hearing to the Honorable Judge of Said Court* |
| 08/20/2014 | Order Granted |
| | *Writ of Habeas Corpus* |
| 08/28/2014 | Motion Hearing (1:30 PM) (Judicial Officer Wilson, Dan K) |
| | *on Relief Requested in Application for Writ* |
| | *08/26/2014 Reset by Court to 08/28/2014* |
| 08/28/2014 | Judge's Docket Entry |
| | *Evidentiary hearing held on Defendants Motion for Writ of habeas Corpus. Writ Denied. OTRFC.* |
| 09/02/2014 | State's |
| | *Proposed Order and Findings of Fact and Conclusions of Law* |
| 09/10/2014 | Clerk Notes |
| | *Attorney correspondence regarding order on petition for writ habeas corpus* |
| 09/11/2014 | Order Denied |
| | *Writ of Habeas Corpus* |
| 09/17/2014 | Defense Attorney Correspondence |
| | *applicants objection to state's proposed order on petition for writ of habeas corpus* |
| 10/06/2014 | Notice of Appeal Filed |
| 10/09/2014 | 5th Court of Appeals - Confirmation Page |
| 10/09/2014 | Mailed |
| | *fee to attorney* |
| 10/10/2014 | Order |
| | *5th Court of appeals* |
| 10/13/2014 | Certified Green Card Returned |
| 10/20/2014 | Certified Green Card Returned |
| 10/23/2014 | 5th Court of Appeals - Confirmation Page |
| | *appeal sent* |
| 11/20/2014 | Clerk's Record |
| | *Checked out: Chrissy Hinojosa* |

Aug. 28, 2014:
Judge's docket entry consistent with his oral ruling

Sept. 2, 2014:
State's Proposed Findings of Fct and Conclusions of Law filed

Sept. 17, 2014:
Appellant's Objections to the State's Proposals and Appellant's own Proposed Findings of Fact and Conclusions of Law filed

| 12/02/2014 | **Court Clerks Record - Returned** |
| | *Chrissy Hinojosa* |
| 12/23/2014 | **5th Court of Appeals Opinion** |
| 12/23/2014 | **5th Court of Appeals Judgment** |

**FINANCIAL INFORMATION**

| | **Defendant** Li, Tony Yuan | |
|---|---|---|
| | Total Financial Assessment | 694.00 |
| | Total Payments and Credits | 694.00 |
| | **Balance Due as of 01/30/2015** | **0.00** |
| 09/05/2013 | Transaction Assessment | 692.00 |
| 09/05/2013 | CR - Jail Time Served Credit | (50.00) |
| 09/05/2013 | Transaction Assessment | 2.00 |

**EXHIBIT A**

**Page 3 of 3**

CAUSE NO. W005-80387-2013

| EX PARTE | § | IN THE COUNTY COURT |
| | § | |
| | § | AT LAW NO. 5 OF |
| | § | |
| TONY YUAN LI | § | COLLIN COUNTY, TEXAS |

## ORDER

On August 28, 2014, came to be considered Applicant's application for writ of habeas corpus pursuant to Article 11.072 of the Code of Criminal Procedure. After considering the Application, the testimony presented, and the argument of counsel, this Court finds Applicant is not entitled to relief. Applicant's Application is hereby **DENIED**.

SIGNED this, the _11th_ day of _September_ 2014.

John L. McCraw, Jr.
SENIOR JUDGE
Sitting by Assignment
**JUDGE PRESIDING**

**EXHIBIT B**
**Page 1 of 1**

# APPENDIX EXHIBIT E – ORDER ON MOTION FOR RECONSIDERATION EN BANC

Fifth Court of Appeals of Texas at Dallas
April 7, 2015

**Order entered April 7, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01291-CR

## EX PARTE TONY YUAN LI

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-80387-2013**

# ORDER
**Before the Court En Banc**

Before the Court is appellant's January 31, 2015 motion for reconsideration en banc.

Appellant's motion is **DENIED**.

/s/      CAROLYN WRIGHT
          CHIEF JUSTICE

# APPENDIX EXHIBIT F – EXCERPT FROM TRANSCRIPT: HEARING ON WRIT OF HABEAS CORPUS

County Court at Law No. 5
Collin County, Texas
August 28, 2014

REPORTER'S RECORD

VOLUME 1 OF 1 VOLUMES

TRIAL COURT CAUSE NUMBER 005-80387-2013

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE COUNTY COURT |
| | ) | |
| V | ) | AT LAW NUMBER 5 |
| | ) | |
| TONY YUAN LI | ) | COLLIN COUNTY, TEXAS |

————————

WRIT OF HABEAS CORPUS

————————

On the 28th day of August, 2014, the following proceedings came on to be heard in the above-entitled and -numbered cause before the Honorable Dan K. Wilson, Judge presiding, held in McKinney, Collin County, Texas.

Proceedings reported by Computerized Stenographic Method.

A P P E A R A N C E S


MR. MATT ROLSTON          SBOT NO. 24058080
MS. ANDREA WESTERFELD     SBOT NO. 24042143
Assistant Criminal District Attorney
Collin County District Attorney's Office
2100 Bloomdale Road
Suite 200
McKinney, Texas 75071
Telephone:  972.548.3620
Facsimile:  214.491.4860

ATTORNEYS FOR THE STATE OF TEXAS


MR. WILLIAM CHU           SBOT NO. 04241000
Law Office of William Chu
4455 LBJ Freeway
Suite 909
Dallas, Texas  75244
Telephone:  972.392.9888
Facsimile:  972.392.9889

ATTORNEY FOR THE DEFENDANT, TONY LI

ultimately, the reason he rejected [sic] the plea is because Mr. Key told him they would lose. And that was his exact testimony that I accepted the plea because he said that if we tried the case ten times we might lose it once. And thinking he would lose is not the same thing as doing it solely based off of this advice.

And we also have Mr. Key's testimony that I believe he said that they would lose ten out ten times, not just nine out of ten. This was not a case he was going to win. There wasn't a reason for him to pursue the trial on this once they knew Mrs. Li was going to testify, was fully cooperative with the State, was not going back on her story. So I don't believe they showed either deficiency or prejudice.

MR. CHU: No rebuttal, Your Honor.

THE COURT: Okay. Mr. Chu, I regret that I'm going to have to rule in the favor of the State and deny your writ.

MR. CHU: Yes, Your Honor.

THE COURT: Does anybody have an order?

MS. WESTERFELD: I can submit one to the Court. I'm sorry we don't have one.

THE COURT: That would be great. Thank you.

(End of proceedings at 3:43 p.m.)